IDA MEDLIN v. MERCANTILE BANK & TRUST CO., et al.

Western Section.    July 1, 1927.

Petition for Certiorari denied by Supreme Court, February 4, 1928.

1. **Appeal and error. An appeal can be maintained only from a final decree.**
     There must be a final decree of the lower court before an appeal can be maintained.

2. **Certiorari. Where petitioner's right is doubtful, certiorari will be denied.**
     Where motion was filed to quash a writ of certiorari on the ground that the record did not show the true facts in regard to the action of the lower court, held where there is doubt as to the petitioner's right to certiorari and denial of it can work no ultimate injury to the petitioner, the writ should not be granted.

Appeal from County Court, Dyer County; Hon. S. L. Gordon, Judge.

Affirmed.

W. H. Ward and C. P. Moss, for appellant.

Walter S. Draper and R. E. Rice, for appellee.

HEISKELL, J. This case is before the court on the motion of the defendants to dismiss the petition filed by complainant and to quash the writ of certiorari heretofore granted thereon.

It is contended for defendants that the record now before the court does not show the true facts in regard to the action of the lower court and that if necessary this court should suspend action upon the motion until a full transcript can be presented, which will show that the County Judge did not act without jurisdiction. We think that under the authorities cited the court might do this, but this would delay a determination of the case in this court until next term and in all probability would reach no final result, even then.

It is also insisted for defendants that upon the record, as presented, the writ should be quashed. Certainly it was not error for the lower court to deny the appeal prayed by complainant. There was no final decree to appeal from. The only question is whether or not the County Judge acted beyond his jurisdiction in setting aside the decree passed by the court and written on the minutes, but the minutes not signed. We think, to say the least, it is doubtful whether the action of the court complained of was without jurisdiction, and besides if the action of the lower court is allowed to stand, the case can be proceeded with to a final decree, from which either party can appeal, and thus, if it is desired, the whole case can be brought up on a complete transcript, and reach a conclusion sooner than otherwise. The petitioner, in case of an appeal from a final decree, can preserve her right to object to the action of the court now complained of. Where there is doubt as to the petitioner's right to a certiorari and the denial of it can work no ultimate injury to the petitioner, we think it should not be granted. Therefore, we think the motion to quash and to dismiss the petition should be granted and it is so ordered.

Owen and Senter, JJ., concur.